## Richard Lotholz v. August Fiedler.

1. BUILDING CONTRACT—*Duty of Architect and Superintendent.*— Where an architect contracts to prepare the plans and superintend the erection of a building, his duty being to enforce all the conditions of the contract with the builder and to furnish all the necessary drawings and information required to properly illustrate and explain the designs, he can not excuse his neglect in the performance of his duty by showing that the owner was about the house at times during its construction and must have seen the imperfections in the work complained of.

**Assumpsit,** for labor and services. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

E. A. SHERBURNE, attorney for appellant.

ARNOLD TRIPP, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is a suit by the appellee, an architect, against the appellant, to recover for work in the preparation of plans, etc., and superintending building.

As stated by counsel for appellee in his opening address to the jury:

"The plaintiff is an architect and he was employed by the defendant to draw the plans and specifications, let the contracts for, and superintend to completion, the erection of a fine mansion for the defendant and his family to live in. It was especially agreed in this case, that the plaintiff

was to draw the plans and specifications, and superintend the construction of the building from beginning to end, for a commission of five per cent on the cost of the building when complete. He was also employed to draw plans for a barn and other houses. The plaintiff claims that he did draw the plans and specifications, let the contracts, and superintended the work until completed, of a house that cost a little over $34,000, and is entitled to five per cent on that sum, and the defendant has refused to pay him, and he has brought this suit to recover his commission, and for the services in drawing the sketches and other plans."

The duties of appellee among others were as stated in the building contracts.

" Section 5. The proprietor has engaged August Fiedler to be superintendent and agent in the premises. The duties of this office being to enforce all the conditions of the contract, and to furnish all the necessary drawings and information that are required to properly illustrate and explain the design given."

Did appellee discharge his duties so that he is entitled to the commission he asks, something over $1,700, is the question of fact presented by this case.

Appellee was employed to draw plans and specifications for, and superintend the construction of a first-class, expensive house, and was to be paid a large sum for doing this work. The house he thus undertook to see that appellant obtained was defective in several important matters. One of the chimneys seems to have been very imperfectly constructed; it was not plastered as the specifications demanded; there were cracks in it out of which the smoke poured into the hall when a fire was lighted in the furnace below; the windows in some of the rooms admitted the rain because mortar had not been put at the sides; the mouldings had to be taken off and the space packed with oakum. Nails were driven through the plumbing pipes and they leaked. As to this appellee says he " defies any one superintending that building to detect the fact that the carpenter had driven those nails through the pipe."

Appellee was not so much employed to detect the fact

that the carpenters had driven nails through the plumbing pipes as he was to prevent this being done. He was to superintend, to enforce all the conditions of the contract, and most certainly he should have seen to it that nails were not driven through plumbing pipes.

Such gross carelessness and imperfect construction it was his duty to have prevented.

The window weights were, by written contract, to have been of lead; those put in were mostly iron. Appellee attempts to excuse this by showing that Mr. Lotholz was about the house at times during its construction, and that iron window weights were lying around which he must have seen. If Mr. Lotholz did see this, it did not change the written contract or relieve appellee from his duty to see that it was carried out.

It is unnecessary to go over all the defects, imperfect construction of this house, which the evidence shows existed, and for which no sufficient excuse is given.

Appellee is not, under the evidence presented by this record, entitled to be paid as if he had superintended so as to give appellant a house in accordance with the contracts, he, appellee, undertook to see fulfilled.

Appellant, in an affidavit by him filed, admitted an indebtedness of $300.

Appellee having recovered a verdict for the full compensation he was to have if he performed his undertaking, the judgment of the Circuit Court is reversed and the cause remanded, unless appellee will remit from his judgment so as to leave it $300; in any event appellant will recover costs in this court.

Reversed and remanded unless remittitur is filed.